**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| CONRAD A. FOX, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:08-1895-TLW-BM |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN J. LAMANNA, | ) | **REPORT AND RECOMMENDATION** |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) located in Edgefield, South Carolina, serving a parole violation term imposed by the Superior Court of the District of Columbia. see Respondent's Exhibit A. Petitioner claims that he is entitled to credit toward his District of Columbia term for time spent serving a Florida state sentence.[1]

The Respondent filed a Motion to Deny Habeas and its Answer and Return on July 16, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 17, 2008, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

---

[1]The Respondent concedes that Petitioner is not a deportable alien, and states that any representations to the contrary made in his initial brief were a mistake. See Reply Memorandum, p. 1.

1



Petitioner thereafter filed a response in opposition titled "Motion to Grant Habeas" on July 30, 2008, following which the Respondent filed a reply memorandum on August 8, 2008. These motions are now before the Court for disposition.²

Discussion

The federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to judgment in this case, and that this Petition should therefore be dismissed.

Petitioner contends that he should have received credit on his D.C. sentence for six (6) years and three (3) months of jail time served on a Florida state court sentence.³ See generally, Petition with attached Exhibits. Petitioner may pursue this claim under 28 U.S.C. § 2241.⁴ See

---

²This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to "deny habeas". As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

³Petitioner also appears to state that he did not receive proper credit for the time served on his *Florida* state court sentence from the State of Florida. However, even assuming Petitioner was attempting to assert such a claim, that is not a claim that is properly before the Court as part of this § 2241 petition. See also Respondent's Exhibits F & J.

⁴Although Petitioner may pursue this claim under 28 U.S.C. § 2241, ordinarily this remedy can be sought only after he has exhausted his administrative remedies. See Green v. Reno, No. 97-



United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988); Hegney v. Hogsten, No. 08-1589, 2008 WL 3165859 (3rd Cir. Aug. 6, 2008); Hegney v. Holder, 177 Fed.Appx. 901 (11th Cir. 2006); Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); see also 18 U.S.C. § 3568.[5]

The D.C. sentence referenced by Petitioner in his Petition is for a 1973 attempted robbery and robbery conviction in the Superior Court of the District of Columbia for which he received a thirty (30) year sentence. See Respondent's Exhibit A. Petitioner was released on parole on April 22, 1991. See Respondent's Exhibit C. On April 27, 1992, the Metro Dade, Florida, Police Department filed a detainer with the Washington, D.C. Police Department, seeking Petitioner on Florida charges unrelated to his District of Columbia crimes; See Respondent's Exhibit D; and on

---

676, 2000 WL 123235 at *1 (9th Cir. 1999)["Section 3568 also prohibits federal courts from crediting prisoners with time spent serving state sentences. . . . If the Bureau (of Prisons) refuses the requested credit, a prisoner must exhaust administrative remedies before seeking judicial review."]; United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) ["It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court."] See also United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). In this case, Petitioner's documents show that he had begun the exhaustion of his administrative remedies with respect to his claims (except for any argument relating to the sentencing guidelines - but see n. 5, infra.), but that his administrative appeal process was not completed until after he filed this § 2241 petition. Respondent's Exhibit B. See also Cartwright v. Outlaw, No. 07-40803, 2008 WL 4280319 at * 1 (5th Cir. Sept. 19, 2008).. However, in the interest of judicial economy, since the petition itself is without merit, the undersigned is not recommending dismissal of this petition for failure to exhaust. Cf Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Petition of Thompson, 301 F.2d 659, 660 (3d Cir. 1962).

[5]Section 3568 is the precursor statute to 18 U.S.C. § 3585, which was enacted as part of the Sentencing Reform Act and became effective for crimes committed after November 1, 1987. Since Petitioner was originally convicted and sentenced on the D.C. charges in 1973, neither § 3585 or the Federal Sentencing Guidelines apply to this petition. Rather, Petitioner's period of incarceration is governed by the federal parole system that predated the Sentencing Guideline regime adopted by the Sentencing Reform Act of 1984. Gometz v. United States Parole Comm'n, 294 F.3d 1256, 1259 (10th Cir. 2002). Accordingly, to the extent Petitioner seeks relief under the sentencing guidelines or § 3585, Petitioner is not entitled to any relief since they were not in effect when he was sentenced.

3



or about June 9, 1992[6], Petitioner was turned over to Metro Dade authorities.  See Respondent's Exhibit E.  Petitioner continued thereafter to be held by Florida authorities, and on March 18, 1993, was convicted of three sex crime counts[7] and for Grand Theft.  See Respondent's Exhibit F.  Petitioner was sentenced to twelve (12) years and six (6) months incarceration for these offenses.  See Respondent's Exhibit E.

On July 7, 1993, the Florida Court ordered that Petitioner be transferred to the D.C. Department of Corrections to serve his sentences concurrently;  See Respondent's Exhibit G; however, on April 16, 1994, Petitioner was returned to the custody of the Florida Department of Corrections. See Respondent's Exhibit H.  Respondent contends that Petitioner was returned because he was not serving any D.C. sentence of imprisonment (since he was still on parole for his 1973 conviction), and thus could not serve his Florida term concurrently with any sentence being served in D.C.  See generally Respondent's Exhibit I.  While the D.C. Board of Parole did later issue a Violation Warrant for the Petitioner on May 5, 1994, it included instructions not to execute the warrant;  See Respondent's Exhibit C; so in June 1994, the U.S. Marshal placed a detainer with the Florida Department of Corrections.  See Respondent's Exhibit F.   Further, even though Petitioner was subsequently returned to the D.C. Department of Corrections in 1997 as a state boarder;[8]  See

---

[6] Petitioner was in jail at that time on an unrelated charge that was later dismissed.  Petitioner's release date is listed as June 8, 1992, and he was turned over to Florida officials on June 9, 1992.  See Respondent's Exhibit E.

[7] The designation of these convictions as sex crimes has been redacted on the exhibit.  However, Petitioner has not disputed that he was convicted of these state crimes, nor has he argued that these charges were related to his D.C. conviction.

[8] A "state boarder" is an inmate serving a sentence imposed by one state in a prison operated by another jurisdiction.  Cf Taylor v. Armstrong, 38 Fed.Appx. 337 at * 1 (7th Cir. June 14, 2002).  In this case, Petitioner was serving his Florida sentence in a prison operated by the D.C. Department of Corrections.

4



Respondent's Exhibit I; the D.C. Parole Warrant was still not executed, but remained lodged as a detainer against him.  See Respondent's Exhibit I.

On September 12, 1998, Petitioner's Florida term expired to probation;  See Respondent's Exhibit J; and the D.C. Parole Violation Warrant was executed on that date.  See Respondent's Exhibit K.  Petitioner then began serving his D.C. sentence at that time.  Further, because Petitioner was convicted of a crime committed while under parole supervision, he did not receive credit for the time he was in the community and in custody serving the Florida sentence. D.C. Code § 24-206. Under the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. St. § 24-101 *et. seq*., the Petitioner was eventually transferred to the custody of the Bureau of Prisons ("BOP") on September 11, 2001, which is why he is in FCI Edgefield.

The undersigned can find no violations of Petitioner's rights in these facts or in the exhibits submitted to this Court.  The execution of Petitioner's sentence and computation of jail time is an administrative function within the authority of the Attorney General, who has delegated this task to the BOP.  United States v. Wilson, 503 U.S. 329, 335 (1992).  As previously discussed, the determination of prior custody credit for the Petitioner (since his crime was committed prior to 1987) is governed by 18 U.S.C. § 3568, which provides,

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.  The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.  As used in this section, the term "offense" mean any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.
>
> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of

5



detention.

No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (repealed by the Sentencing Reform Act of 1984, Pub.L. 98-473, Title II, §§ 212(a)(1),(2), 235(a)(1), Oct. 12, 1984, 98 Stat. 1987, 2031, effective Nov. 1, 1987).

The BOP has set forth guidelines governing the computation of D.C. Code terms in Program Statement 5880.32, "District of Columbia Sentence Computation Manual", dated January 23, 2001.  See Respondent's Exhibit M.  According to this Program Statement, during the time relevant to Petitioner's sentence, the District of Columbia awarded jail time to D.C. Code offenders under §3568 based primarily on the BOP's policy, with "in custody" time beginning on the date the inmate is taken into custody "on the basis of the offense for which the sentence was imposed." See Exhibit M, Chapter 8, ¶¶ 8.1., 8.8, 9.2, 9.5.  Therefore, Petitioner's D.C. term did not begin to run until September 12, 1998, when he was released from his Florida term of imprisonment and the D.C. detainer was executed.  Additionally, since credit for pre-sentence custody is only awarded for time spent in custody "in connection with the offense or acts for which the sentence was imposed;"  18 U.S.C. ¶ 3568; see also Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992); and since the record reflects that the D.C. Parole Warrant was not executed while Petitioner was in custody serving his Florida state court sentence, there was no sentence to be credited during that period of time.  Hunt v. Parole Com'n, No. 05-8996, 2006 WL 2051069 at * 7 (S.D.N.Y. July 21, 2006)["[U]ntil the detainer is actually executed, the parolee is not in custody under the warrant."]; cf Herbin v. Chairman, U.S. Parole Commission, No. 06-598, 2007 WL 1228119 at **2-3 (W.D.Va. Apr. 25, 2007)["The United States Court of Appeals for the Fourth Circuit has long recognized that where the [United States Parole Commission] USPC has issued its parole violator warrant before the expiration



of the sentence on which it is based, the USPC may then reasonably delay execution of that warrant while the violator serves an intervening criminal sentence."]

Finally the Petitioner also argues that he should receive credit on his D.C. sentence because the Florida state court ordered that his sentence was to run concurrent with his D.C. sentence. However, the state court's determination that his Florida sentence should run concurrent with his D.C. sentence has no binding effect. See Leal v. Tombone, 341 F.3d 427, 427-430 (5th Cir. 2003); Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Del Guzzi v. United States, 980 F.2d 1269, 1270-1271 (9th Cir. 1992) Lewis v. U.S. Attorney, No. 94-2275, 1995 WL 700962 at * 1(10th Cir. Nov. 14, 1995)(collecting cases); cf United States v. Taylor, 279 Fed.Appx. 603, 605-606b (10th Cir. 2008)[Under our dual sovereign system of government, the state court's order could not bind the Parole Commission](citing Cotton v. United States Parole Comm'n, No. 94-6241, 1994 WL 596895 at * 3 (10th Cir. 1993)); Garcia-Gutierrez, 835 F.2d at 586-587; Bayley v. Page True, No. 97-3223, 1998 WL 186865 at **2-3 (10th Cir. Mar. 4, 1998).[9]

In sum, no meritorious arguments are presented in Petitioner's filings, nor does a review of the documents submitted as exhibits to the Petition show any support for this claim. Gaddy v. Michael, 519 F.2d 669, 673-675 (4th Cir. 1975) [To obtain habeas relief, Petitioner must show constitutional, statutory or regulatory violation by the Commission as well as prejudice suffered due to alleged violation]. Therefore, this Petition should be dismissed.

---

[9]Respondent also argues that Petitioner should not receive credit toward his D.C. term for "street time". However, it does not appear that Petitioner is making a claim for credit of that time. Further, in the event that Petitioner intended to also pursue a claim for credit of his "street time", the Respondent is correct that such credit is prohibited by D.C. Code §24-206. See U.S. Parole Com'n v. Noble, 711 A.2d 85 (D.C.App. 1998).



## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny habeas be **granted**, that Petitioner's motion to grant habeas be **denied,** and that this Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

November 5, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

